# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAWRENCE E. MATTISON,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
DC-0752-16-0350-I-1

DATE: July 15, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence E. Mattison</u>, Hampton, Virginia, pro se.

<u>Timothy M. O'Boyle</u>, Esquire, Hampton, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal without prejudice. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant held the position of Housekeeping Aid at an agency medical center in Hampton, Virginia. Initial Appeal File (IAF), Tab 12 at 10. In August 2015, the agency indefinitely suspended him in connection with his arrest for violating a protective order and stalking another agency employee.[2] *Id*. at 36-40. Later, in December 2015, the agency proposed his removal for (1) conduct unbecoming and (2) failure to follow supervisory instructions. *Id*. at 27-34. After the appellant responded to that proposal, *id*. at 14-26, the deciding official upheld his removal, *id*. at 10-13. In the instant appeal, the appellant challenged his removal. IAF, Tab 1.

¶3        The agency filed a motion to dismiss the removal appeal without prejudice because the appeal involved the same or similar allegations as those underlying the appellant's criminal charges, which were pending in Virginia Circuit Court.[3]

---

[2] In a separate appeal, the appellant has challenged his indefinite suspension. *See Mattison v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-15-1058-I-1, Initial Appeal File (1058 IAF), Tab 1.

[3] The appellant's criminal charges were reportedly pending in Virginia Circuit Court, on appeal from his conviction in the General District Court for the City of Hampton, Virginia. IAF, Tab 7 at 4, 7, 9, Tab 11 at 1. In the Commonwealth of Virginia, the

IAF, Tab 7 at 4-5, 7, 9.  The appellant responded, similarly requesting dismissal without prejudice, but asking that discovery continue.  IAF, Tab 11 at 1-2.

¶4        The administrative judge dismissed the removal appeal without prejudice. IAF, Tab 14, Initial Decision (ID) at 1-3.  While doing so, she denied the appellant's request to proceed with discovery.  ID at 2-3.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 2.[4]  The agency has filed a response, PFR File, Tab 4, and the appellant has replied, PFR File, Tab 5.

¶5        Dismissal without prejudice is a procedural option within an administrative judge's broad discretion, and it is the Board's policy to stay removal proceedings where, as here, criminal proceedings involving the same matter are pending.  *See, e.g.*, *Rittgers v. Department of the Army*, 117 M.S.P.R. 182, ¶¶ 8-12 (2011).  On review, the appellant appears to assert that the administrative judge erred in denying his request to proceed with discovery despite the dismissal.[5]  *E.g.*, PFR File, Tab 2 at 1-2.

---

appellant has the right to a jury trial during this de novo appeal.  Va. Code Ann. §§ 16.1-132, 16.1-136.

[4] Although the appellant has, at times, characterized his pleading as an interlocutory appeal, we have construed it as a petition for review.  *See, e.g.*, PFR File, Tab 2 at 4; *compare* 5 C.F.R. § 1201.91 (explaining interlocutory appeals with the Board), *with* 5 C.F.R. § 1201.114 (explaining the procedures for a petition for review).

[5] Below, the appellant agreed to dismissal of his appeal without prejudice while his criminal charges were pending.  IAF, Tab 11 at 2.  Therefore, to the extent that he now suggests that dismissal may not have been appropriate due to some distinguishing factors between the charges underlying his removal and those underlying his criminal case, we need not address the argument.  PFR File, Tab 2 at 5; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  Similarly, we need not address the appellant's new questioning of why the administrative judge dismissed the instant appeal without prejudice, but did not do the same in his indefinite suspension appeal.  PFR File, Tab 2 at 7; *see Banks*, 4 M.S.P.R. at 271; *see also Rittgers*, 117 M.S.P.R. 182, ¶¶ 8-12 (explaining why, in general, it is appropriate to dismiss a removal appeal while there is an ongoing criminal case concerning the same conduct but unnecessary in the context of an indefinite suspension appeal).

¶6    The Board addressed an analogous situation in *Henderson v. U.S. Postal Service*, 52 M.S.P.R. 592, 596-97 (1992).  In *Henderson*, an administrative judge dismissed a removal appeal without prejudice pending resolution of criminal charges that were closely linked to the charges underlying the removal.  *Id*. at 596.  On review, the appellant in that case asserted that she was being prejudiced by the agency's failure to turn over discovery materials.  *Id*. at 597.  The Board dismissed the argument, noting that the appellant had failed to show how her rights had been affected by this discovery matter during the temporary dismissal of her appeal.  *Id*.  Similarly, the appellant's arguments concerning discovery in the instant appeal are unavailing.  PFR File, Tab 2.  The appellant has not shown that it was necessary to proceed with discovery during the period of dismissal without prejudice and while his criminal charges were pending.  *Cf. Keay v. U.S. Postal Service*, 57 M.S.P.R. 331, 336 (1993) (recognizing that, in the context of a stay while an appellant's criminal charges were pending, the Board may allow certain discovery to continue in particular circumstances, such as to preserve evidence that may otherwise be lost).  If the appellant has discovery matters that need to be addressed, then he can raise them with the administrative judge after the refiling of his removal appeal.  *See generally Lewis v. Department of the Air Force*, 69 M.S.P.R. 40, 44 (1995) (recognizing that, where an appeal has been dismissed without prejudice to refiling in an initial decision, the Board will not consider arguments raised on review concerning matters that should be considered by the administrative judge once the case has been refiled).

¶7    On review, the appellant also suggests that the administrative judge has exhibited bias and should she recuse from further participating in his removal appeal.  PFR File, Tab 2 at 1, 12.  We disagree.  The dismissal without prejudice was not an abuse of discretion, and there is no indication of bias in the administrative judge's discovery ruling.  *See Bieber v. Department of the Army*, 287 F.3d 1358, 362-63 (Fed. Cir. 2002) (observing that an administrative judge's conduct during the course of a Board proceeding warrants a new

adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Accordingly, we find no merit to the appellant's arguments and no basis for disturbing the initial decision, dismissing his removal appeal without prejudice.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.